**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| DARINDA RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2:21-cv-196 |
| | ) | |
| v. | ) | |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>NOTICE OF REMOVAL</u>**

Defendant Kroger Limited Partnership I, by counsel, for its Notice of Removal, states the following:

1.      On February 26, 2021, the Plaintiff filed her Complaint for Damages against Defendant Kroger Limited Partnership I in the Vigo County Superior Court No. 2 of Indiana under Cause No. 84D02-2102-CC-001107, seeking to recover damages allegedly suffered as a result of Defendant's negligence. Specifically, the Plaintiff alleges in her Complaint for Damages that on or about March 1, 2019 she was an invitee at what she describes as the Defendant's business (the Kroger store which is located at 4714 US Highway 41, Terre Haute, Indiana 47802) when she fell to the ground causing her to suffer injuries and damages. ***Complaint for Damages,*** pp. 1-2, ¶¶ 1-6. Additionally, the Plaintiff states that she sustained injuries and resulting present and future damages including pain and suffering, medical expenses, lost wages, and an inability to live a normal life. ***Id.*** at p. 2, ¶ 8.

2.      On or about March 18, 2021, the Defendant *received* a file-marked copy of the Plaintiff's Complaint for Damages (which included a Request for Trial by Jury in the body of the same) and Summons, from the property manager for the property where the Kroger store is located

(SWG Terre Haute), which property manager received the same at its 4151 Ashford Dunwoody Road, NE, Suite 155, Atlanta, Georgia 30319 address. As is often the case with state court complaints, the Plaintiff's Complaint for Damages did not contain sufficient information regarding the amount in controversy to allow the undersigned counsel to determine if this matter was removable to federal court.

3.    On March 23, 2021, the undersigned was retained to represent Kroger Limited Partnership I in the above-captioned case. On the following day, the undersigned filed his Appearance and served discovery requests on Plaintiff's counsel. The undersigned has not yet received the Plaintiff's discovery responses.

4.    Thereafter, the undersigned began to inquire regarding of Plaintiff's counsel's office regarding the amount in controversy. On March 31, 2021, the undersigned received medical records and bills from the Plaintiff's counsel's legal assistant, via email, which medical records and bills indicate that as a result of her alleged fall at Kroger the Plaintiff sustained a shoulder injury, a left proximal humerus fracture, and a laceration to her right knee, and that the Plaintiff has incurred medical expenses in excess of $30,000.00 (although it is difficult to determine at this juncture whether each item of expense which was incurred during the period following the Plaintiff's alleged fall will ultimately be alleged to be related to the Plaintiff's alleged fall).

5.    On April 5, 2021, the undersigned spoke with Plaintiff's counsel (Angela Bullock) inquiring regarding the amount in controversy in the present case. At that time, Ms. Bullock suggested that the undersigned speak with attorney John Nichols regarding this issue/subject as well as the issue of the correct Kroger defendant. After emailing to Mr. Nichols a draft Stipulation which pertained in part to the amount in controversy in the present case, the undersigned followed up with attorney Bullock on April 14, 2021. Thereafter, on April 23, 2021, the undersigned spoke

with Plaintiff's counsel John Nichols (with whom the undersigned had spoken days earlier regarding this matter) who indicated at that time that as a result of the alleged occurrence and the injuries that the Plaintiff had sustained, he (the Plaintiff's counsel) would not stipulate that the amount in controversy in this matter is less than $75,000.00, exclusive of interest and costs.

6.      In view of the foregoing, the Defendant certifies that to the best of its information and belief, the amount in controversy in the present case exceeds $75,000.00, exclusive of interest and costs.

7.      While the Plaintiff's Complaint for Damages is silent with regard to the amount in controversy, this notice of removal is being filed within thirty (30) days after the undersigned received the Plaintiff's medical records and bills from her counsel's legal assistant (notably, the Plaintiff's counsel also indicated by telephone on April 23, 2021 that he is unwilling to stipulate that he will not seek nor accept in excess of the federal amount in controversy requirement. Said email (with attached medical records and bills) constitutes an "other paper from which it may first be ascertained that this case is one which is or has become removable." See 28 U.S.C. 1446(b)(3) and (c)(3)(A) [as revised pursuant to the Federal Courts Jurisdiction and Venue Act of 2011], and F.R.C.P. Rules 81(c) and 6(e).

8.      Regarding the subject of the parties' 'state citizenship,' Defendant Kroger Limited Partnership I is a citizen of the State of Ohio. In this regard, Defendant Kroger Limited Partnership I is an Ohio limited partnership with its principal place of business in the State of Ohio. Defendant Kroger Limited Partnership I's sole general partner is KRGP, Inc., which is incorporated and has its principal place of business in the State of Ohio. Defendant Kroger Limited Partnership I's sole limited partner is The Kroger Co. which also is incorporated and has its principal place of business

in Ohio.  The Kroger Co. has no parent corporation and no publicly held corporation owns 10% or more of its stock.

9.       While the Plaintiff's Complaint for Damages does not make any representations regarding the Plaintiff's 'state citizenship,' the Plaintiff's counsel (Attorney John P. Nichols) has verified that the Plaintiff is a citizen of the State of Indiana inasmuch as she (the Plaintiff) is a resident of the State of Indiana and it is her present intent to remain in the State of Indiana indefinitely.

10.       Furthermore, this action does not arise under the worker's compensation laws of any state; is not brought against a common carrier or railroad or the receivers or trustees; does not arise under 45 U.S.C. §§ 51-60; and therefore, this cause is removable to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 (a).

11.       Copies of all process, pleadings and orders served upon this Defendant and filed in the state court action are attached hereto, specifically Plaintiff's Complaint for Damages, Summons, Notice of Service of Process, Plaintiff's counsel's Appearance, Defendant's counsel's Appearance, the Defendant's Answer, the Defendant's Amended Answer, and the Defendant's Notice of Removal to Adverse Party and State Court Clerk.

12.       Written notice of the removal of the above-captioned cases was given on April 29, 2021 to all adverse parties.

13.       Contemporaneously herewith, written notice is being provided to the Clerk of the Vigo County Courts that this Notice of Removal is being filed with this Court.

WHEREFORE, Defendant Kroger Limited Partnership I files this Notice of Removal so that the entire state court action under Case No. 84D02-2102-CC-001107, now pending in the Vigo County Superior Court No. 2, shall be removed to this Court for all further proceedings.

Respectfully submitted,

By: /s/ Donald B. Kite, Sr.
Donald B. Kite, Sr., #11601-41
Attorney for Defendant
Kroger Limited Partnership I

## CERTIFICATE OF SERVICE

I hereby certify that on 29th day of April, 2021, a true and correct copy of this document

was filed electronically.  Notice of this filing will be sent to the following by operation of the

Court's CM/ECF system:

John P. Nichols, #10357-84
Angela Bullock, #23822-84
NICHOLS LAW OFFICE
300 Ohio Street
Terre Haute, IN 47807

/s/ Donald B. Kite, Sr.
Donald B. Kite, Sr.

ATTORNEY AT LAW
8082 Stafford Lane
Indianapolis, IN 46260